UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DOUKAS P. SIOTKAS,

               Plaintiff,

   -against-

LABONE, INC., MICHAEL PEAT, and ALAN DAVIS,

               Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
01-CV-6242 (SMG)

------------------------------------------------------------x
CAROLINE J. VAN HEULE,

               Plaintiff,

   -against-

LABONE, INC., MICHAEL PEAT, and ALAN DAVIS,

               Defendants.
------------------------------------------------------------x

01-CV-6243 (SMG)

GOLD, STEVEN M., *United States Magistrate Judge*:

      I issued a Memorandum and Order ("M&O") in this action on January 6, 2009. The procedural and factual background of these related cases is set forth at length in the M&O. I assume familiarity with the M&O here.

      Plaintiffs have asserted causes of action pursuant to New York's General Business Law Section 349. This statute is part of New York's Consumer Protection Act, N.Y. GEN. BUS. LAW art. 22-A, and provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful." N.Y. GEN. BUS. LAW § 349(a). The statute further provides that "any person who has been injured by reason of any violation of this section may bring an action" for damages. *Id.* § 349(h).

In my prior Memorandum and Order, I raised questions about the viability of plaintiffs' Section 349 claims. Because defendants had not moved to dismiss those claims, however, and because my questions about them were raised with the parties for the first time in the M&O, I afforded the parties the opportunity to submit supplemental memoranda of law on the subject. Having considered the parties' supplemental memoranda, as well as a letter filed by plaintiffs on March 11, 2009, I now conclude that plaintiffs' Section 349 claims must be dismissed both because the drug tests at issue were not consumer transactions and did not impact the public at large, and also because the testing and reporting at issue did not take place in New York.

As the Consumer Protection Act's name indicates, its purpose is to protect the consuming public. "Generally, claims under the statute are available to an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising." *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55 (1999). Courts considering the scope of the statute have repeatedly held that "a consumer, for § 349 purposes, is one who purchase[s] goods and services for personal, family or household use." *Exxonmobil Inter-America, Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443, 448 (S.D.N.Y. 2004) (internal quotation marks omitted). *See also Cruz v. Nynex Info. Res.*, 263 A.D. 2d 285, 289 (1st Dep't 2000). Thus, "New York courts have generally found that business-to-business transactions do not give rise to § 349 claims," particularly when "the disputed transaction does not have ramifications for the public at large." *Exxonmobil Inter-America, Inc.*, 328 F. Supp. 2d at 449 (internal quotation marks omitted). The court in *Exxonmobil* continued as follows:

> The meaning of this proposition is twofold. First, § 349 liability attaches primarily where a party's misrepresentations are boiler-plate and have the potential to be repeated in order to deceive

2

> numerous similarly situated buyers. . . . Second, allegedly
> deceptive acts that occur between relatively sophisticated entities
> with equal bargaining power do not give rise to § 349 liability.
> Large businesses are not the small-time individual consumers
> § 349 was intended to protect. Contracts to provide commodities
> that are available only to businesses do not fall within the
> parameters of § 349.

*Id.* (internal quotation marks and citations omitted).

It is undisputed in this case that the contractual relationship, as well as the specific transactions at issue, involved Delta Airlines and LabOne, "relatively sophisticated entities with equal bargaining power." Moreover, the "commodity" in question – drug testing of urine samples – is not a consumer product, but a service that only a business would purchase. Finally, plaintiffs have failed to demonstrate that the drug testing transactions at issue have ramifications for the public at large.

Plaintiffs contend that Section 349 claims have survived dismissal motions even when the parties bringing them are not individual consumers. However, the facts of the case primarily relied upon by plaintiffs, *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20 (1995), are not analogous to those presented here. Although the plaintiffs in *Oswego* were not consumers but rather two not-for-profit associations administering union benefit funds, the *transactions* at issue were ones in which the plaintiffs were acting as, and were treated by defendant as, consumers. Thus, in deciding the Section 349 claims could proceed, the court held that the alleged wrongful conduct was consumer-oriented:

> The record indicates that defendant Bank dealt with plaintiffs'
> representative as any customer entering the bank to open a savings
> account, furnishing the Funds with standard documents presented
> to customers upon the opening of accounts. The account openings
> were not unique to these two parties, nor were they private in

3

nature or a single shot transaction.

*Id.* at 26 (internal quotation marks omitted). A more recent case cited by plaintiffs, *Macquarie Group Ltd. v. Pacific Corp. Group, LLC,* 2009 WL 539928 (S.D. Cal. Mar. 2, 2009) is similarly inapposite; in denying a motion to dismiss a Section 349 claim brought by an investment firm, the court noted that "[d]efendant's conduct damaged not only Macquarie, but also the market. . . . Macquarie, *as well as consumers in general,* suffered financial harm from defendant's acts." 2009 WL 539928, at *2 (emphasis added). Here, of course, neither Delta nor plaintiffs were treated by defendants as ordinary consumers of a product or service available to the general public, and the misconduct alleged by plaintiffs does not pose a harm to the public at large. Simply put, the drug testing at issue in this case falls outside the scope of Section 349.

Plaintiffs' claims are also subject to dismissal because Section 349 requires that "the transaction in which the consumer is deceived must occur in New York." *Leider v. Ralfe,* 387 F. Supp. 2d 283, 294 (S.D.N.Y. 2005), *citing Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324-25 (2002) (concluding that "to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York"). The undisputed facts of this case are that plaintiffs provided urine samples to employees of Delta or a third party other than the defendants in this case, and that Delta then forwarded the samples to LabOne for testing. Siotkas Compl. ¶¶ 17-18; Van Heule Compl. ¶¶ 15-16. As acknowledged by counsel during a conference held on March 11, 2009, LabOne received the urine samples and analyzed them in their facilities in Kansas, and reported the results to Delta's Medical Review Office in Atlanta, Georgia. Thus, the requirement that the allegedly deceptive transaction take place in New York can not be satisfied in this case.

For all these reasons, plaintiffs' Section 349 claims are hereby dismissed. In light of plaintiffs' failure to proffer facts that would address the court's concerns, the order of dismissal is entered without leave to amend.

**So Ordered.**

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**March 12, 2009**
**Brooklyn, New York**